By the Court :
The controlling facts in the case are conceded, and that leaves only a question of law to be determined, namely: Was the right judgment rendered upon the conceded facts? . Minnear v. Holloway, 56 Ohio St., 148.
*88 The financial statement made each meeting night to the council by the city clerk as to the status of each fund, was not the equivalent of the certificate required by section 2702, Revised Statutes. The presence of the $1,300 in the treasury did not in legal effect dispense with such certificate. The object of that section is not only to show the presence in the treasury of sufficient funds unappropriated to meet the contract, but also to prevent such funds from being taken out of the treasury for any other purpose. That section provides that no contract or agreement involving the expenditure of money, shall be entered into, unless the clerk of the corporation shall first certify that the money required for the contract or agreement is in the treasury to the credit of the fund from which it is to be drawn, and not appropriated for any other purpose, which certificate shall be filed and immediately recorded; and the sum so certified shall not thereafter be considered unappropriated until the corporation is discharged from the contract or agreement. * * * And that all contracts or agreements entered into contrary to the provisions of that section shall be void.
With the financial statement of the clerk, and the presence of the $1,300 in the treasury, there was still nothing to prevent the city authorities from using the money so in the treasury for other purposes, and then be compelled to make a levy on the general tax list to pay those attorneys’ fees. The filing of the proper certificate would have tied up the money in the treasury to be used only for the payment of those fees.
The act in question was declared unconstitutional and therefore void. Adams v. Nemeyer, 54 Ohio St., 614. It was void not only from the time it was declared unconstitutional, but it never had any validity, and could not be invoked as a foundation of a right to be enforced in a court of justice. Liabilities are occasionally enforced against parties growing out of proceedings under an unconstitutional act, as in Tone *89 v. Columbus, 39 Ohio St., 281, and Mott v. Hubbard, 59 Ohio St., 199, hut such enforcement is not by virtue of the unconstitutional act, but by virtue of the acts of the parties whereby they have become estopped from contesting the liability against them.
Usually courts will leave the parties to a contract founded upon an unconstitutional act where they have placed themselves, and it will never invoke such act to aid in the enforcement of such contract when unexecuted, unless the parties have relied upon a previous judicial determination of a court of competent and final jurisdiction holding such act valid. Bader v. C. P. & V. Ry. Co., 61 Ohio St., 471.
The authorities cited by counsel do not conflict with these conclusions. The judgment of the circuit court will be reversed, and that of the common pleas affirmed.

Judgment of the cirouit court reversed, and that of the common pleas affirmed.